1

2

3

4

5          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON
6

7   GERALD C. ARENDT and                )
    DAVID D. BROWN,                      )   NO.  CV-11-5135-LRS
8                                        )
                    Plaintiffs,          )   ORDER GRANTING  MOTION
9                                        )   TO DISMISS
           v.                            )
10                                       )
    HILDA L. SOLIS, in her official      )
11  Capacity, Secretary, United States   )
    Department of Labor,                 )
12                                       )
                    Defendant.           )
13  _____ )

14         **BEFORE THE COURT** is the Defendant's Fed. R. Civ. P. 12(b)(6) "Motion

15  To Dismiss" (ECF No. 10), filed January 10, 2012 and noted without oral argument.

16  **I. BACKGROUND**

17         On September 13, 2011, Plaintiffs filed a complaint against the Secretary of

18  Labor alleging that the elimination of the subsidized early retirement option of their

19  retirement plan violated the Due Process Clause of the Fifth Amendment and that the

20  distinction between early retirees already in "pay status" and those not yet retired

21  amounts to a violation of the equal protection component of the Due Process Clause.

22         Plaintiffs    are    active    participants    in    the

23  Washington-Idaho-MontanaCarpenters-Employers Retirement Trust. The Plan

24  offered an early retirement pension benefit known as the "Rule of 80 Early

25  Retirement Pension" that allowed participants to retire before age 65 without

26  reducing their basic retirement benefit.  In order to be eligible for the "Rule of 80,"

27  participants had to reach a total of 80 when summing: i) their age, and ii) the number

28  of years in which they participated in the plan and contributed 400 or more working

**ORDER - 1**

1  hours. An early retirement benefit such as the Rule of 80 that allows participants to
2  retire early without a reduction to their monthly benefit is a subsidized early
3  retirement benefit or subsidy under Treasury Regulations. Treas. Reg. §
4  1.411(d)-3(g)(6)(v), 26 C.F.R. § 1.411(d)-3(g)(6)(v).
5      In August of 2009, the Washington-Idaho-Montana Carpenters-Employers
6  Retirement Trust ("Retirement Plan"), a collectively bargained multiemployer plan,
7  notified its participants that it had suffered severe investment losses in the stock
8  market decline of 2008 and early 2009, and was underfunded and in "critical status."
9  The notice explained that the Plan was less than 65 percent funded and that the Plan
10 was projected to have an accumulated funding deficiency for the plan year beginning
11 July 1, 2013.
12      As a result, the Retirement Plan was required, under the Pension Protection Act
13 of 2006 ("PPA"), Pub. L. No. 109-280, 120 Stat. 780 (Aug. 17, 2006), to take steps
14 to resolve its funding crisis so that it could continue to fund normal benefits for
15 current and future retirees. ERISA § 302, 29 U.S.C. §1082.  In accordance with the
16 PPA, the Plan sponsor (the Plan's Board of Trustees) agreed that one of the ways they
17 would rehabilitate the Plan was by eliminating all of the adjustable benefits offered
18 by the Plan, including subsidized early retirement. The Plan did not reduce accrued
19 benefits payable at normal retirement age and did not cut any benefits of participants
20 who retired and entered "pay status" (as defined in ERISA § 305(I)(6), 29 U.S.C. §
21 1085(I)(6)) before they were notified that the Plan was in critical status.
22
23 **II.  DISCUSSION**
24     **A.  12(b)(6) Standard**
25     A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a
26 cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable
27 legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).
28 In reviewing a 12(b)(6) motion, the court must accept as true all material allegations

**ORDER - 2**

in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).

As it is not necessary for the court to review materials outside of the pleadings in order to make its determination in this matter, Defendants' motion is not converted to a summary judgment motion under Fed. R. Civ. P. 56 and reliance on the 12(b)(6) standard is appropriate.

**B. Defendant's Argument**

Defendant Secretary of Labor (hereinafter the "Secretary" of "Defendant")) argues that Plaintiffs' claims lack merit. There is a strong presumption of constitutionality, which the Plaintiffs cannot overcome, in favor of laws such as the PPA that adjust the burdens of economic life. Defendant explains that far from being arbitrary or irrational, the PPA is a measured response to the serious threat that underfunded retirement plans pose to the security of retirees' promised benefits. Moreover, the Department of Labor did not engage in any of the conduct that is the basis for the Plaintiffs' complaint, and the Plaintiffs have not alleged otherwise. The Labor Department did not eliminate the Plaintiffs' early retirement benefits, encourage or compel their elimination, or threaten any action with respect to the benefits. Instead, private actors, whom the Plaintiffs have not sued, eliminated the

**ORDER - 3**

1  early retirement benefits in response to a funding shortfall that the United States did

2  not cause.

3    Defendant argues that the Secretary is not a proper defendant in this

4  constitutional challenge to the PPA both because ERISA does not provide any

5  statutory basis supporting the Plaintiffs' claim against her and because the Plaintiffs

6  have not asserted any state action by the Secretary that would support a due process

7  or equal protection claim.  Even if Plaintiffs' suit did not suffer from a jurisdictional

8  defect, Defendant argues that the PPA easily meets the rational basis test applicable

9  to national economic regulation (ECF No. 11, pp. 11-17) and dismissal on the

10  pleadings would still be warranted.  Accordingly, Defendant concludes, the court

11  should dismiss the Plaintiffs' complaint against the Secretary of Labor in its entirety.

12    **C. Plaintiffs' Argument**

13    In opposing Defendant's Motion to Dismiss, Plaintiffs argue: (1) that they

14  have properly sued the Secretary, primarily because 28 U.S.C. § 2403(a) allows the

15  United States to intervene where the constitutionality of a statute is being challenged;

16  (2) that the case may not be decided on a Rule 12(b)(6) motion to dismiss; and (3)

17  that their constitutional challenge to § 202 of the PPA is subject to strict scrutiny

18  because its application in this case violates Plaintiffs' fundamental rights by allowing

19  a retroactive taking of their early retirement benefits.

20    Specifically, Plaintiffs argue that strict scrutiny is appropriate because the

21  Board of Trustees, acting under § 202 of the PPA, eliminated their early retirement

22  benefits as part of a rehabilitation plan designed to help the plan emerge from critical

23  status, and thereby caused them to suffer a retroactive "taking" of their "fundamental

24  right" to these benefits in violation of the Due Process Clause of the Fifth

25  Amendment.

26    **D. Analysis**

27    Plaintiffs do not take issue with the Secretary's explanation that there is no

28  basis for their suit under ERISA 502(k), 29 U.S.C. §1132(k).  This statute allows suit

**ORDER - 4**

1 in one of three situations: (1) where parties seek review of a final action by the
2 Secretary; (2) where parties seek to restrict the Secretary from taking action contrary
3 to ERISA; or (3) where parties seek to compel the Secretary to take action required
4 by ERISA - none of which are applicable here. (ECF No. 11, pp. 19-20).

5       Plaintiffs' assertion that they are suing the Secretary under two other
6 subsections of ERISA § 502: (1) the provision that allows plan participants and
7 beneficiaries to sue for benefits or to clarify their future right to benefits,§
8 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) the provision that allows
9 participants and beneficiaries to sue for appropriate equitable relief, § 502(a)(3), 29
10 U.S.C. § 1132(a)(3), is not convincing. The United States argues and this Court
11 accepts, that it did not waive its immunity to suit in the other subsections of ERISA
12 § 502. The only waiver of sovereign immunity found in 29 U.S.C. § 1132 is found
13 in §1132(k), allowing specific actions against the Secretary of Labor of which this
14 action is not one. The Court finds Plaintiffs may not sue the Secretary under these
15 provisions.

16       Further, Plaintiffs have failed to demonstrate any state action, which is a
17 necessary predicate to a suit alleging due process and equal protection claims against
18 the Secretary. The mere existence of the provisions in the PPA allowing the
19 elimination of adjustable benefits does not amount to state action necessary to sue the
20 United States. See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 160 (1978).

21       After suffering severe economic losses, the Plan sponsor adopted a
22 Rehabilitation Plan designed to enable the Plan to emerge from critical status,
23 pursuant to ERISA § 305(e)(3)(A), 29 U.S.C. § 1085(e)(3)(A), which was added to
24 ERISA by the PPA. The PPA provides that

25             a rehabilitation plan is a plan which consists of (I) actions,
including options or a range of options to be proposed to
26             the bargaining parties, formulated, based on reasonably
anticipated experience and reasonable actuarial
27             assumptions, to enable a plan to cease to be in critical
status by the end of the rehabilitation period and may
28             include reductions in plan expenditures (including plan

**ORDER - 5**

mergers and consolidations), reductions in future benefit accruals or increases in contributions, if agreed to by the parties, or any combination of such actions, or (ii) if the plan sponsor determines that, based on reasonable actuarial assumptions and upon exhaustion of all reasonable measures, the plan cannot reasonably be expected to emerge from critical status by the end of the rehabilitation period, reasonable measures to emerge from critical status at a later time or to forestall possible insolvency (within the meaning of § 4245 of ERISA, 28 U.S.C. § 1426). ERISA § 305(e)(3)(A), 29 U.S.C. § 1085(e)(3)(A).

Under the statutory scheme, the Secretary does not select or create a rehabilitation plan or a default plan for a plan sponsor. Instead, pursuant to ERISA § 305(e)(1)(B), 29 U.S.C. § 1085(e)(1)(B), the plan sponsor, here the Board of Trustees, must provide the bargaining parties with schedules showing revised benefit structures, and must designate one of those schedules as a default schedule should the bargaining parties fail to adopt a rehabilitation plan. There appears to be no role for, or involvement by, the Secretary of Labor in this statutorily-mandated process of selecting or adopting a rehabilitation plan and there is no evidence the Secretary played any such role here.

Moreover, Plaintiffs have not shown a fundamental, constitutionally protected right to early retirement benefits exists for them to have suffered a "taking" in violation of the Due Process Clause of the Fifth Amendment.[1] Although ERISA § 204(g), 29 U.S.C. § 1054(g), does generally protect a participant's interest in a contractually provided early retirement benefit, Congress provided a limited exception to that protection when it enacted the PPA, which provides that, notwithstanding the statutory protection provided in § 204(g), a pension plan in critical status may eliminate early retirement benefits for those who, like Plaintiffs,

---

[1]Plaintiffs do not allege a violation of the Takings Clause of the Fifth Amendment, but they do argue that the PPA impermissibly allowed a "taking" of their "property" in violation of the Due Process Clause.

**ORDER - 6**

1   have not yet retired and entered pay-status.

2        The Court finds the United States has taken nothing for its own use and has
3   only imposed an obligation, the requirement that critical status plans adopt
4   rehabilitation plans, which is within its power to impose as part of ERISA's
5   comprehensive regulation of employer-provided pension plans. *See Connolly v.*
6   *Pension Ben. Guar. Corp.*, 475 U.S. 211, 223 (1986).  Although the elimination of
7   early retirement benefits disappoints Plaintiffs by preventing them from retiring early
8   with full benefits, the PPA was an amendment to ERISA's comprehensive regulatory
9   regime designed to protect normal retirement benefits from the problems caused by
10  defaulting defined benefit pension plans.  (ECF No. 11, pp. 5-8).

11       Since the Plaintiffs have not demonstrated a statutory basis for their suit nor
12  have they shown the state action that is a necessary predicate to their constitutional
13  challenges, they have failed to state a claim.  Therefore, the Court finds dismissal
14  proper under Fed. R. Civ. Pro.  12(b)(6).

15  **III.  CONCLUSION**

16       The Court believes the result it has reached is proper for the reasons set forth
17  above and that it is consistent with the legislative goals of ERISA and the PPA,
18  statutes which are to be construed liberally to achieve those goals.  *FHA v. The*
19  *Darlington, Inc.*, 358 U.S. 84, 91 (1958) ("Those who do business in the regulated
20  field cannot object if the legislative scheme is buttressed by subsequent amendment
21  to achieve the legislative end.").

22  **IT IS ORDERED**:

23       1.  Defendant's Motion to Dismiss, **ECF No. 10**, filed January 10, 2012, is
24  **GRANTED**.  Plaintiffs' claims against the Secretary of Labor are dismissed with
25  prejudice.

26       2. The District Court Executive is directed to:

27            (a) file this order;

28            (b) provide a copy to counsel of record;

**ORDER - 7**

1    (c) enter judgment consistent with this order; and

2    (c) close this file.

3

4    DATED this 9th day of March, 2012.

5

6                    *s/Lonny R. Suko*
                     _____
7                    LONNY R. SUKO
                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER - 8**